IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LINDA WEST and VICKI WATSON as )
surviving natural children, )
next of kin, and wrongful )
death beneficiaries of ETHEL )
WALDRUP, )
                              )
    Plaintiffs, )
                              )
vs. ) No. 2:10-cv-02064-JPM-dkv
                              )
AMERICARE LONG TERM SPECIALTY )
HOSPITAL, LLC d/b/a AMERICARE )
HEALTH AND REHABILITATION )
CENTER, )
                              )
    Defendant. )

---

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S [17]
MOTION TO DISMISS THE COMPLAINT; AND
ORDER DENYING PLAINTIFF'S [33] MOTION TO STRIKE DEFENDANT'S
REPLY BRIEF AS MOOT

---

Before the Court is Defendant Americare Long Term Specialty Hospital, LLC d/b/a Americare Health and Rehabilitation Center's ("Americare" or "Defendant") Motion to Dismiss the Complaint (Docket Entry ("D.E.") 17), filed June 17, 2010. Plaintiffs Linda West and Vicki Watson as surviving natural children, next of kin, and wrongful death beneficiaries of Ethel Waldrup (collectively "Plaintiffs") responded in opposition on June 22, 2010. (D.E. 20.) Defendant filed a reply brief in support of its motion to dismiss on June 24, 2010. (D.E. 24.) Plaintiffs

1

filed a surreply on July 1, 2010. (D.E. 26.) On July 21, 2010, Plaintiffs filed a Motion to Strike Defendant's Reply Brief. (D.E. 33.) For the following reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss (D.E. 17) and DENIES Plaintiffs' Motion to Strike Defendant's Reply Brief as MOOT.

**I.    BACKGROUND**

The claims in this case arise from the injury and subsequent death of Plaintiffs' mother, Ethel Waldrup. Prior to her death, Waldrup was a resident at Americare, a non-profit nursing home. (See Compl. (D.E. 1) ¶¶ 12, 15.) According to the Complaint, on October 8, 2008, members of the Americare staff, "while acting in the course and scope of employment," dropped Waldrup while they were attempting to transfer her into bed using a bed sheet. (Id. ¶ 15.) As a result of this incident, Waldrup sustained a compound fracture of her right leg and a broken left ankle and was admitted to Baptist Memorial Hospital the same day. (Id. ¶¶ 15, 17.) Thereafter, Waldrup "showed a steady decline in health," "was placed on Hospice care on November 7, 2008," and died on November 8, 2008. (Id. ¶ 17.) The death certificate reported her cause of death as "complications of lower extremity fracture," and the county medical examiner's investigation report stated that "[o]n

November 8, 2008 the victim succumbed to the injuries sustained in the [October 8, 2008] incident." (Id. ¶¶ 16-17.)

In a certified letter mailed September 4, 2009, Plaintiffs requested that Waldrup's medical records be produced within forty-eight hours. (Id. Ex. 2 (D.E. 1-1).)  Plaintiffs assert that Americare received the letter on September 8, 2009, and indicated on September 14, 2009, that the request was being processed. (Compl. ¶¶ 3-4.)  After receiving no response by September 24, 2009, Plaintiffs' counsel mailed a letter to Defendant titled "RE: Notice of Claim Under T.C.A. §29-26-121," which indicated Plaintiffs' possible intent to pursue legal remedies.  (Id. Ex. 1 ("September 24, 2009 Notice Letter") (D.E. 1-1) at 1.)

Tennessee Code Annotated § 29-26-121 is part of the Tennessee Medical Malpractice Act and provides the statute of limitations for medical malpractice claims and the requirements for written notice of such claims to providers.[1]  In compliance with these notice requirements, the letter included an

---

[1]  Tennessee Code Annotated § 29-26-121(a)(2) states that written notice of a medical malpractice claim shall include: (A) the full name and date of birth of the patient whose treatment is at issue; (B) the names and addresses of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient; (C) the name and address of the attorney sending the notice, if applicable; (D) a list of the name and address of all providers being sent a notice; and (E) a HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.  Based on the September 24, 2009 letter attached as Exhibit One to Plaintiffs' Complaint, it appears Plaintiffs complied with Section 29-26-121(a)(2)'s notice requirements and Defendant does not dispute this issue.

3

authorization form for the release of medical records and stated "[p]lease be advised that Linda West on behalf of Ethel Waldrup is giving notice pursuant to T.C.A. §29-26-121 that *a medical malpractice and/or ordinary negligence claim* is being investigated . . . ." (September 24, 2009 Notice Letter at 2 (emphasis added).) Plaintiffs informed Defendant that "[they] believe[d] that this letter complie[d] with the letter and spirit of T.C.A. §29-26-121," and requested that Defendant identify any defects so that they could be promptly cured. (Id. at 3.)

On January 25, 2010, Plaintiffs filed the Complaint in this action asserting claims for (1) nursing home negligence, (2) negligence *per se*, (3) recklessness, and (4) a violation of the Tennessee Adult Protection Act, Tennessee Code Annotated § 71-6-102 et seq. (Compl. ¶¶ 18-39.) Although the Complaint states that "this is a case of negligence rather than [medical] malpractice," Plaintiffs nonetheless plead that "out of an abundance of caution," the Complaint "complies with the provisions of T.C.A. § 28-26-121(a)." (Id. ¶ 1.) Defendant contends that Plaintiffs have failed to assert a medical malpractice claim, and their claims sounding in negligence are time barred under the one-year statute of limitations applicable to personal torts pursuant to Tennessee Code Annotated § 28-3-104. In response, Plaintiffs contend that they have asserted

4

sufficient facts and complied with the notice requirements for a medical malpractice claim, and therefore are entitled to a 120-day statute of limitations extension provided under Tennessee Code Annotated § 29-26-121(c).

Two issues are before the Court: (1) whether the statute of limitations provided by Tennessee Code Annotated § 28-3-104 or § 29-26-121 governs Plaintiffs' claims, and (2) dependent upon the applicable statute of limitations, whether Plaintiffs' claims were timely asserted.  Each issue is addressed in turn by the Court.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 440 U.S. 544 (2007), a "civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 630 (6th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).  The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel

5

Agent Comm'n Antitrust Litig., 583 F.3d 896, 902-03 (6th Cir. 2009) (citation omitted). The Court "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. at 903 (citations and quotation marks omitted).

### III. ANALYSIS

#### A. Applicable Statute of Limitations Period

Tennessee Code Annotated § 28-3-104 states that actions for injuries to the person shall be commenced within one year after the cause of action accrued. Tenn. Code Ann. § 28-3-104 (2010). Defendant contends that Plaintiffs have asserted a claim of ordinary negligence, not a claim of medical malpractice. Since Waldrup was injured on October 8, 2008, and died on November 8, 2008, Defendant argues that, at the latest, Plaintiffs' Complaint should have been filed by November 8, 2009, thereby making the January 25, 2010 filing untimely.

In response, Plaintiffs contend that the applicable one-year statute of limitations for medical malpractice claims, provided by Tennessee Code Annotated § 29-26-116(a)(1), should be extended in accordance with § 29-26-121. Specifically, Tennessee Code Annotated § 29-26-121(a)(4)(c) provides an extension of the one-year statute of limitations applicable to

medical malpractice claims when proper notice is given to a provider. The section states in relevant part:

> When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider.

Tenn. Code Ann. § 29-26-121(a)(4)(c) (2010).

Tennessee Code Annotated § 29-26-121(a)(4)(e) then states in relevant part:

> In the event that a complaint is filed in good faith reliance on the extension of the statute of limitations or repose granted by this section and it is later determined that the claim is not a medical malpractice claim, the extension of the statute of limitations and repose granted by this section is still available to the plaintiff.

Plaintiffs contend that this 120-day extension should apply because they (1) complied with the notice provisions of Tennessee Code Annotated § 29-26-121(a), (2) filed in good faith reliance on the extension of the statute of limitations, and (3) assert facts which support a plausible claim for medical malpractice pursuant to the Tennessee Medical Malpractice Act, Tennessee Code Annotated § 29-26-101 et seq. Defendant, however, argues that the exception provided in Tennessee Code Annotated § 29-26-121(a)(4) applies only to claims originally pled as medical malpractice and later found to be negligence, not claims pled as negligence only.

7

The Court finds that the extension provided by Tennessee Code Annotated § 29-26-121(a)(4) applies to Plaintiffs' negligence claims for several reasons.  First, Federal Rule of Civil Procedure 8(a)(2) requires that a pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (citation and quotation marks omitted).  The Twombly Court interpreted this standard to require "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  Such a standard places an emphasis on the facts pled rather than the title of the legal remedy asserted.  See 2 James Wm. Moore et al., Moore's Federal Practice § 8.04[3] (3d ed. 2010) ("Rule 8(a)(2) does not require a claimant to set forth any legal theory justifying the relief sought on the facts alleged, but does require sufficient factual averments to show that the claimant may be entitled to some relief.").

The facts alleged in Plaintiffs' Complaint set forth a plausible claim for medical malpractice.  The Complaint indicates that Waldrup died on November 8, 2008 as a result of injuries she sustained while under the care of Defendant Americare, a non-profit nursing home.  (See Compl. ¶¶ 15-17.)  Specifically, Plaintiffs allege that members of Defendant's

8

staff, while "acting in the course and scope of employment," dropped Waldrup when they were attempting to move her with a bed sheet. (Id. ¶ 15.) Plaintiffs state that this event occurred on or about October 8, 2008, and resulted in a "compound fracture of her right leg and a broken left ankle." (Id. ¶ 15.) These facts place Defendant on notice of the disputed conduct and resulting injury that allegedly falls below a "recognized standard of acceptable professional practice in the profession." See Tenn. Code Ann. § 29-26-115(a) (listing a medical malpractice claimant's burden of proof). Based on these facts, the Court declines to construe Plaintiffs' Complaint as only asserting a negligence claim merely because they failed to expressly list "medical malpractice."[2]

Moreover, Plaintiffs' September 24, 2009 letter placed Defendant on notice of a possible medical malpractice claim and complied with the statutory requirements for written notice to providers of such a claim. See supra n.1 (discussing the written notice requirements pursuant to Tennessee Code Annotated § 29-26-121(a)(2)). The September 24, 2009 notice letter was titled "RE: Notice of Claim Under T.C.A. §29-26-121" and

---

[2] The Court's conclusion is also reinforced by the recognition that the distinction between medical malpractice and negligence may be subtle and difficult to determine at the early stages of litigation. See Gunter v. Lab. Corp. of Am., 121 S.W.3d 636, 639 (Tenn. 2003) (recognizing that "[t]he distinction between medical malpractice and negligence is a subtle one, for medical malpractice is but a species of negligence and no rigid analytical line separates the two" (citation and quotation marks omitted)).

9

expressly stated that "pursuant to T.C.A. §29-26-121 . . . a medical malpractice and/or ordinary negligence claim is being investigated . . . ." (September 24, 2009 Notice Letter at 2.) Because Plaintiffs provided Defendant with proper notice of a potential medical malpractice claim, and the record indicates that the Complaint was filed in good faith reliance on the extension, the Court finds that the 120-day statute of limitations exception provided by Tennessee Code Annotated § 29-26-121(a)(4)(c) is applicable to Plaintiffs' negligence claims, and therefore were timely asserted.

For these reasons, the Court DENIES Defendant's Motion to Dismiss as it pertains to Plaintiffs' claims sounding in negligence: (1) nursing home negligence, (2) negligence per se, and (3) recklessness.

### B. Tennessee Adult Protection Act

Plaintiffs also assert a claim for a violation of the Tennessee Adult Protection Act, Tennessee Code Annotated § 71-6-101 et seq. The Court has not found, nor have the parties cited, a specific statute of limitations for the Tennessee Adult Protection Act. "When a statute includes no express statute of limitations, the court . . . borrows the most suitable statute or other rule of timeliness . . . ." 51 Am. Jur. 2d Limitation of Actions § 129 (2010). Defendant contends that the statute of limitations for this Act is provided by Tennessee Code Annotated

10

§ 28-3-104(a)(4), which states that actions for statutory penalties for personal torts be filed one year after the cause of action accrued. Tenn. Code Ann. § 28-3-104(a)(4). Plaintiffs have not contested this assertion or offered any reason that the one-year statute of limitations should be extended. Therefore, the Court GRANTS Defendant's motion as it pertains to Plaintiffs' claim under the Tennessee Adult Protection Act.

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES IN PART and GRANTS IN PART Defendant's Motions to Dismiss. The Court DENIES AS MOOT Plaintiffs' Motion to Strike Defendant's Reply.

SO ORDERED this 26th day of July, 2010.

s/ JON PHIPPS McCALLA
CHIEF UNITED STATES DISTRICT JUDGE