```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

LINDA WEST and VICKI WATSON as      )
Surviving Natural Children,         )
Next of Kin, and Wrongful Death     )
Beneficiaries of ETHEL WALDRUP      )
                                    )
     Plaintiffs,                    )
                                    )
vs.                                 )      No. 2:10-cv-02064-MlV
                                    )
                                    )
AMERICARE LONG TERM SPECIALTY       )
HOSPITAL, LLC d/b/a AMERICARE       )
HEALTH AND REHABILITATION CENTER    )
                                    )
     Defendant.                     )
                                    )
_____

      REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR LEAVE TO
                          AMEND COMPLAINT
_____

Before the court is the September 7, 2010 motion of the plaintiffs, Linda West and Vicki Watson as surviving natural children, next of kin, and wrongful death beneficiaries of Ethel Waldrup (the "plaintiffs"), pursuant to Rule 15(a)(2) and (c)(1)(C) of the Federal Rules of Civil Procedure, for leave to amend the complaint to add additional named defendants.  The defendant, Americare Long Term Specialty Hospital, LLC d/b/a Americare Health and Rehabilitation Center ("Americare"), opposes the motion on the grounds that the proposed amendment is untimely and futile.  This motion was referred to the United States Magistrate Judge for a report and recommendation.  For the reasons that follow, it is recommended that the motion be granted in part and denied in part.

PROCEDURAL AND FACTUAL BACKGROUND

The claims in this case arise from the injury and subsequent death of the plaintiffs' mother, Ethel Waldrup. Prior to her death, Waldrup was a resident at Americare, a non-profit nursing home. (Compl. ¶¶ 12, 15.) According to the complaint, Waldrup sustained a fracture to her right leg and a broken left ankle after being dropped by Americare's staff in their attempt to transfer Waldrup to her bed using a bed sheet. (*Id*. at ¶ 15.) The plaintiffs filed the complaint on January 25, 2010 against only Americare asserting claims for (1) nursing home negligence, (2) negligence per se, (3) recklessness, and (4) a violation of the Tennessee Adult Protection Act, Tennessee Code Annotated § 71-6-102 et seq. A joint scheduling order was entered on April 16, 2010, which established June 14, 2010 as the deadline to amend and to add parties; August 2, 2010 as the deadline for written discovery and depositions of fact witnesses; and December 1, 2010 as the deadline for all discovery.

On June 9, 2010, the plaintiffs filed a motion to compel discovery. (Doc. No. 14.) On June 17, 2010, the plaintiffs filed a motion to compel Americare's disclosure statement. (Doc. No. 18.) After the court granted the plaintiffs' June 17, 2010 motion to compel Americare's corporate disclosure statement, Americare provided its initial disclosures to the plaintiffs on July 21, 2010. (Pls.' Mot. Amend. ¶ 10.) On July 26, 2010, the court ordered Americare to respond to the plaintiffs' discovery requests

or to file a supplemental response to the motion to compel within fourteen days. (Doc. No. 38.) Americare served responses to the plaintiffs' discovery requests on August 10, 2010. (Pls.' Mot. Amend. ¶ 13.) On August 11, 2010, the plaintiffs deposed Michael Hampton as Americare's corporate representative. (Pls.' Mot. Amend. ¶ 14.) After taking Hampton's deposition, the plaintiffs now seek to add the following additional defendants: (1) Americare Health Properties, LLC; (2) Michael Hampton, individually; (3) Americare Corporation[1]; and (4) "all Fraudulently Concealed Officers, Board Members and/or Stockholders."

## ANALYSIS

Rule 15(a)(2) provides that "the court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a). In the Sixth Circuit, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure [to earlier] seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Because the deadline to join additional parties and to amend pleadings in this case passed on June 14, 2010, the plaintiffs must first show good

---

[1] The proposed amended complaint includes allegations of negligence against Americare Corporation, but the style of the plaintiffs' proposed amended complaint does not list Americare Corporation as a defendant. Despite the absence of Americare Corporation from the style of the proposed amended complaint, the court interprets the plaintiffs' motion as seeking to add Americare Corporation as an additional defendant.

3

cause for not amending earlier.

A.  <u>Rule 16(b) "Good Cause"</u>

A movant can prove "good cause" by showing that despite their diligence, they were not able to meet the original deadline for amending the pleadings.  *Leary*, 349 F.3d at 906.  Another consideration in the "good cause" analysis is whether the opposing party will be prejudiced if the amendment is allowed.  *Id.*

The plaintiffs assert that they have demonstrated good cause to modify the scheduling order and amend the complaint after the amendment deadline has passed because, due to Americare's "dilatory tactics, they did not ascertain a need to amend prior to the deposition of Michael Hampton on August 11, 2010." (Pls.' Mot. Amend. ¶ 1.)  Specifically, the plaintiffs argue that because Americare refused to cooperate with discovery, they did not discover until Hampton's deposition that: (1) Michael Hampton appears to be the sole owner of Americare; (2) Americare Health Properties, LLC owned the land and building that houses Americare; (3) Americare Corporation is the sole member of Americare; and (4) there were additional officers, board members and/or stockholders associated with Americare, Americare Corporation, and Americare Health Properties.  In response, Americare argues that the plaintiffs have not shown good cause because, with the exception of the unnamed officers, members, or stockholders, "substantially all the information about parties that Plaintiffs claim they did not have until August 11th was readily available to them by the June

4

14th deadline." (Def.'s Resp. ¶ 3.)

The court finds that "good cause" exists for the plaintiffs' failure in seeking to amend the complaint at an earlier time. The plaintiffs were diligent in their efforts to gather information through discovery requests. However, due to Americare's delayed discovery responses, the plaintiffs did not know that additional parties may be involved in the suit. It was not until almost two months after the amendment deadline, at Michael Hampton's August 11, 2010 deposition, that the plaintiffs received information about the relationship of the additional parties to Americare and the legal status, ownership, and management of Americare. Furthermore, Americare has not shown how it will be prejudiced if the amendment is allowed. As such, the plaintiffs have demonstrated "good cause" to amend the complaint.

B. Rule 15(a)

Under Rule 15(a), the court has some discretion in allowing amendments. Factors to consider include futility of amendments and prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion to leave to amend may be denied for futility if the pleading as amended could not withstand a motion to dismiss for failure to state a claim. *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005)(citation omitted).

To state a claim for relief, a plaintiff is not required under the Federal Rules of Civil Procedure to set out in detail the facts upon which he bases his claim, but, according to Rule 8, must

only make "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. However, the complaint's factual allegations must be enough to raise a right to relief above speculative level and state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89 (2007)(citing *Bell Atlantic Corp.*, 550 U.S. at 555-56).

Americare contends that the proposed amended complaint fails to state a claim against the additional defendants because the "[p]laintiffs' motion does not allege that any of the parties they wish to add as additional defendants had anything whatsoever to do with the injuries allegedly suffered by Ms. Waldrup." (Def.'s Resp. ¶ 1.) It is not proper, however, for this court to determine at this stage in the litigation if the proposed allegations and factual basis have any merit. Rather, this court's only duty is to allow amendments if justice so requires. Only if the amendments absolutely could not withstand a motion to dismiss would they be futile. Based on the arguments and taking the allegations in the light most favorable to the plaintiffs, there is a possibility that the amended complaint against Americare Health Properties, LLC, against Michael Hampton, individually, and against Americare

6

Corporation as proposed could withstand a motion to dismiss.[2] Justice requires that the plaintiffs be allowed to amend the complaint to add these three defendants. The proposed amended complaint, however, fails to state any factual allegations against "all Fraudulently Concealed Officers, Board Members and/or Stockholders" and therefore fails to state a claim as to those defendants. Accordingly, the motion to amend should be denied as to them.

## RECOMMENDATION

It is recommended therefore that the motion for leave to file an amended complaint be granted in part and denied in part. The plaintiffs should be directed to file their amended complaint and serve it on all the defendants, including specifically the additional named defendants.

Submitted this 12th day of October, 2010.

> s/ Diane K. Vescovo
> DIANE K. VESCOVO
> UNITED STATES MAGISTRATE JUDGE

---

[2] The court is merely holding that they might survive such a motion to dismiss and thus the amendments are not futile. It is not at this time making a definitive finding as to whether any of the allegations in the plaintiffs' amended complaint will be sufficient to state a claim and would survive a motion to dismiss for failure to state a claim. *See Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994)(stating that only by examining the complaint may the court determine if there is a failure to state a claim upon which relief may be granted) Nor is the court making any determination as to whether the claims against the new defendants would relate back to the filing of the original complaint.